# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE ANN BARGAS, | 1:12-cv-1546 BAM |
| Plaintiff, | ORDER GRANTING IN FORMA PAUPERIS APPLICATION |
| v. | (Document 2) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| Defendant. | (Document 1) |

**INTRODUCTION**

Plaintiff Joyce Ann Bargas ("Plaintiff") filed the instant action on September 20, 2012. Plaintiff also filed an application to proceed in forma pauperis on that same date. Having reviewed the request to proceed without prepayment of the filing fee, this Court GRANTS Plaintiff's in forma pauperis application.

Plaintiff appears to be challenging a denial of her application for disability benefits under Titles II and/or XVI of the Social Security Act. As discussed below, Plaintiff's complaint will be dismissed because it fails to state a claim. However, Plaintiff will be granted leave to file an amended complaint.

1

**DISCUSSION**

A.   *Screening Standard*

When an individual is proceeding in forma pauperis, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

B.   *Pleading Standards*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id*.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question (*Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976)), construe the pro se pleadings liberally in the light most favorable to the Plaintiff (*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)), and

resolve all doubts in the Plaintiff's favor (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

### C. *Plaintiff's Allegations*

Plaintiff seeks review of a decision by the Commissioner of Social Security denying her benefits. (Doc. 1 at 2). Specifically, Plaintiff alleges she is permanently disabled. (Doc. 1 at 2). According to Plaintiff, she asked the Appeals Council to review the decision of the Administrative Law Judge, but her request was denied on June 28, 2012. (Doc. 1 at 2.) Plaintiff's complaint does not refer to any specific impairments, limitations, or errors made by the ALJ.

### D. *Analysis of Plaintiff's Claims*

#### 1. Rule 8(a)

As Rule 8(a) states, a complaint must contain "a short and plain statement of the claim." The rule expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. *Conley v. Gibson*, 355 U.S. at 45-46. Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. at 47. As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. at 1949.

In this case, Plaintiff has indicated that she is appealing a denial of her application(s) for disability benefits, but she has not provided any substantive reasons for doing so, nor has she identified any errors in any decision rendered by an Administrative Law Judge ("ALJ").

#### 2. Timeliness of the Appeal

The Court has limited jurisdiction to review decisions regarding Social Security benefits and the denial of disability claims pursuant to 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . .

*Id.* (emphasis added). Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h). These regulations "operate as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner." *Berrigan v. Astrue*, 2010 U.S. Dist. LEXIS 115390, at * 4-5 (E.D. Cal. Oct. 29, 2010), *citing Bowen v. City of New York*, 476 U.S. 467, 479, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986); *Mathews v. Eldridge*, 424 U.S. 319, 328 n. 9, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). The time limit is a condition on the waiver of sovereign immunity, and it must be strictly construed. *Id.*

Thus, upon receiving a denial of benefits, a plaintiff has sixty days to file an appeal with the Appeals Council. 20 C.F.R. §§ 404.967, 404.968. When the Appeals Council reviews the case, it will either affirm, modify, or reject the ALJ's recommendation. 20 C.F.R. § 404.979. It may also remand the case. 20 C.F.R. § 404.977. The Appeals Council's decision is binding unless a party files an action in federal district court within sixty days of the Appeals Council's decision. 20 C.F.R. §§ 422.210, 404.981. Therefore, prior to filing an appeal in federal court, Plaintiff must establish that an appeal with the Appeals Council was filed. Any complaint filed in federal district court must then be filed within sixty days of the Appeals Council's decision.

Here, Plaintiff states that the Appeals Council denied her request for review of the decision rendered by the Administrative Law Judge on June 28, 2012, at which time the decision became the final decision of the Commissioner. (Doc. 1 at 2). Therefore, Plaintiff's request for review would be due within sixty days of the making of the decision, plus time for mailing. Plaintiff's Complaint, filed on September 20, 2012, appears to be untimely. Therefore, it appears the time restrictions of 42 U.S.C. § 405(g) bar review of the administrative decision denying the claim for Social Security benefits.

**E.**    ***Equitable Tolling***

The principle of equitable tolling allows for the statute of limitations to be extended in certain circumstances, because the social security regulations were "designed to be 'unusually protective'

4

of claimants." *Bowen*, 476 U.S. at 480. The Supreme Court noted, [Social Security Administration] regulations governing extensions of time for filing are based on considerations of fairness to claimants. Thus, the Secretary may grant an extension where a suit was not timely filed because of illness, accident, destruction of records, or mistake. Similarly, an extension may be granted where the claimant misunderstands the appeal process or is unable to timely collect necessary information, or where the Secretary undertook action that "misled" the claimant concerning his right to review. *Id.* at 480, n. 12, citing 20 C.F.R. §§ 404.911, 416.1411.

Here, Plaintiff's Complaint is devoid of factual allegations indicating circumstances for which the statute of limitations should be tolled in equity. Therefore, again, it appears the time restrictions of 42 U.S.C. § 405(g) bar review of the administrative decision denying the claim for Social Security benefits.

  **F**.  ***Leave to Amend***

Although Plaintiff's Complaint contains deficiencies as outlined above, the Court will allow Plaintiff an opportunity to amend the Complaint. If Plaintiff decides to file an amended complaint, she is warned that an amended complaint supercedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Any amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. Plaintiff is also warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Complaint is DISMISSED;

2. On or before **November 16, 2012**, Plaintiff SHALL FILE a First Amended Complaint curing the deficiencies identified by the Court in this order; and

3. Plaintiff SHALL attach to the First Amended Complaint, a copy of the notice from the Appeals Council.

IT IS SO ORDERED.

**Dated:** **October 9, 2012**                    /s/ **Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE